IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CLARENCE J. BOUDREAUX, #1168605 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv230 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Clarence Joseph Boudreaux, a former prisoner currently confined within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be denied as moot, the case dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

## I. Boudreaux's Habeas Petition

In his amended petition, (Dkt. #22, Boudreaux states that he is challenging an "abuse of discretion," and that the Parole Board fails to use discretion—and, rather, simply issues "denials." He further argues that the Board members never use an offender's positive changes and that he has been denied parole since 2005. Boudreaux seeks release to mandatory supervision, and attached a September 2021 letter from TDCJ regarding his next review for release.

## II. Discussion and Analysis

As an initial matter, the Texas Department of Criminal Justice has confirmed that Boudreaux was released from imprisonment—onto mandatory supervision—on January 13, 2023.

The Court notes that Petitioner has not provided notice of a change of address indicating his release from imprisonment. His failure to file an updated address shows his failure to prosecute his case. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)).

Boudreaux's release from imprisonment and onto mandatory supervision renders this habeas petition moot. *See, e.g.*, *Watkins v. Garrett*, 514 F. App'x 443, 444 (5th Cir. 2013) (unpublished); *see also Watkins v. Vasquez*, 451 F. App'x 429, 429-30 (5th Cir. 2011) (unpublished) (affirming the district court's dismissal of a section 2241 habeas petition challenging a federal, prison disciplinary matter because petitioner had been released from imprisonment); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (holding that former federal prisoner's appeal seeking expungement of disciplinary reports and restoration of good-time credit moot because court could not provide relief after release, and prisoner did not allege future adverse consequences).

Here, Boudreaux's amended habeas petition and attachment, (Dkt. #22), concerns time credits, his positive behavior, and his eligibility for release on to mandatory supervision. Boudreaux, in his initial petition, (Dkt. #1), argues that he has completed both good and work time credits and complains about the Parole Board denying him release onto mandatory supervision. In his requested relief, Boudreaux seeks release from imprisonment. He does not allege future adverse consequences stemming from his conviction. Accordingly, Boudreaux's habeas petition is moot. *See Herndon v. Upton*, 985 F.3d 443 (5th Cir. 2021) ("We agree with the district court that Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because

2

there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement."); *N.Y. State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (explaining that mootness is a function of a party's requested relief—not the theoretical possibility that a party could request or receive something).

Because Boudreaux has been released onto mandatory supervision and has not alleged future adverse consequences stemming from his conviction, his habeas petition is moot and should be dismissed. *See, e.g.*, *Farr v. Rodriguez*, 255 F. App'x 925, 927 (5th Cir. 2007) (civil rights context) ("Farr's contention that his gang classification cause him to loose good time credits in violation of the Ex Post Facto Clause is also moot due to his release from prison because under Texas law good time would not carry over to any subsequent incarceration.").

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.*

Although Petitioner has not yet filed a notice of appeal, the court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336).

Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 at 140-41).

Here, Boudreaux failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

RECOMMENDATION

Accordingly, it is recommended that Petitioner Boudreaux's federal habeas corpus petition be denied as moot and the civil action be dismissed, with prejudice. It is further recommended that Smith be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 19th day of April, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE